NO. 07-10-00088-CV

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL A

 



MAY
5, 2010

 



 

IN RE FRANK DWIGHT CARTER, RELATOR



 



 

 

Before CAMPBELL
and HANCOCK and PIRTLE, JJ.

 

 

MEMORANDUM OPINION

 

 

Relator, Frank Dwight Carter, has filed a Petition for Writ of
Mandamus requesting this Court order respondent, “Jean Anne Stratton, clerk of
the court,[1]
to recognize the jurisdiction of the [S]eventh
District Court of Appeals, and to issue an order that the 99th
District Court of Lubbock County waived jurisdiction over the subject matter
and the case with the motion to dismiss on July 12th, 1989 in case
NO. 89-409,601, and after.@ 
We deny the petition.

Texas
Rule of Appellate Procedure 52.3[2]
identifies the requirements for a petition for writ of mandamus filed in this Court.  Carter has failed to comply with these
requirements.  Rule 52.3(a) requires that
a petition must include a complete list of all parties and the names and
addresses of all counsel.  Carter does
not list the names of the parties against whom he seeks mandamus relief apart
from their identification in the argument portion of his petition.  Further, certain persons are named in the
petition without any argument identifying why they were identified in the
document.  Rule 52.3(b) requires that the
petition include a table of contents with references to the pages of the
petition and an indication of the subject matter of each issue or point raised in the petition. 
Carter=s petition includes no table of
contents.  Rule 52.3(c) requires that a
petition include an index of authorities in which all authorities cited in the
petition are arranged alphabetically and the page(s) upon which the authorities
are cited is indicated.  Carter=s petition includes no index of
authorities.  Rule 52.3(d) requires a
statement of the case that includes a statement of the nature of the underlying
proceeding.  Carter=s petition does not contain a
statement of the case, and does not identify the nature of the underlying
proceeding.[3]  Rule 52.3(f) requires the petition include a
concise statement of all issues or points presented for relief.  Carter=s petition includes no such statement.  Rule 52.3(g) requires the petition include a
statement of facts supported by citation to competent evidence included in the
appendix or record.  Carter’s petition
includes a section entitled “Facts upon which petitioner relies,” but this
section simply references documentary evidence that may be included in the
appendix, but none of the documents included in the appendix are
identified.  Rule 52.3(h) requires a
clear and concise argument for the contentions made, with appropriate citations
to authorities.  Other than one statutory
citation relating to this Court’s jurisdiction over original proceedings,
Carter cites no legal authority.  Rule
52.3(i) requires that the petition include a short
conclusion that “clearly states the nature of the relief sought.”  After multiple readings of Carter’s petition,
the most that can be determined regarding the relief that Carter is seeking is
that he wants this Court to issue an order that the 99th District
Court did not have jurisdiction to enter judgment in cause number 89-409,752
after it granted dismissal in cause number 89-409,601.  Carter wholly fails to provide any
identification of any basis upon which this Court could conclude that the 99th
District Court did not have jurisdiction to enter judgment in cause number
89-409,752.  Finally, Rule 52.3(k)(1)(A) requires that the appendix to the petition include a
certified or sworn copy of any order complained of, or other document showing
the matter complained of.  The documents
included in Carter’s appendix are neither certified nor sworn to, and do not
include a copy of the judgment in cause number 89-409,752 or the order of
dismissal in cause number 89-409,601. 
Each of these items are required in a petition
for writ of mandamus and, as Carter has failed to include them in his petition,
we may not grant the relief that he requests.

 

As
Carter=s petition for writ of mandamus does
not comply with the requirements of Rule 52.3 and wholly fails to identify the
relief sought, we deny the petition.

                                                                                                

 

 

Mackey K. Hancock 

                                                                                                            Justice

 

 

            








 











[1]
We note that the Honorable Jean Anne Stratton is
now serving in the position of Justice of the Peace, Precinct 4.  The current District Clerk of Lubbock County
is Barbara Sucsy. 
We will read Carter’s petition as directed to the position of District
Clerk rather than as against the named respondent. 

 





[2]Further citation of Texas Rules of
Appellate Procedure will be by reference to ARule __.@





[3] Carter’s petition appears to be a collateral
attack on the jurisdiction of the 99th District Court in relation to
a judgment entered in cause number 89-409,752 following the dismissal of a
cause number 89-409,601.  However,
nothing in Carter’s petition identifies the nature of the proceedings
underlying this petition.